■ In the Matter of the Claim of FLORENCE FISH, Respondent, v. TORRINGTON CONSTRUCTION COMPANY, INC., et al., Appellants. WORKMEN'S COMPEN-

SATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed December 29, 1970 as amended March 31, 1971. This is a claim for death benefits. The sole issue raised on this appeal is whether the fatal accident arose out of and in the course of decedent's employment. The board found that it did. During the latter part of June or early July, 1968, decedent and his family moved from California to upstate New York. Decedent was looking for work. On July 6, 1968 he was hired by the Torrington Construction Company (hereafter Torrington) as a timekeeper to work on a road job at Piseco, New York. Torrington also had another job at Ticonderoga, New York. At the time of hiring, it was decided that decedent should undergo a training period at the Ticonderoga job before reporting to Piseco. On July 9, 1968, while in training at Ticonderoga, decedent was instructed to go to the Westport Airport and pick up two of Torrington's officials. He drove his own car to the airport and delivered the officials to Ticonderoga. At this time it was determined that decedent's training was completed and he should report to Piseco the following morning at 7:00 A.M. On his way there the next morning at about 5:00 A.M. he was killed in a one-car accident. Decedent's widow testified at the hearing in substance that her husband told her after the trip to the airport the company filled his car with gas so he would have enough to get to Piseco the following day. It is reasonable to infer from this record that decedent was staying temporarily in Ticonderoga until he had to report for work at Piseco, some 80 miles away. The training period at Ticonderoga was for the benefit of the employer. There was, in our opinion, sufficient corroboration of the widow's hearsay testimony (Workmen's Compensation Law, § 118). Concededly, decedent drove his own car when he picked up the officials the day before, and it was at that time that he was directed to go to Piseco. (*Matter of Howe* v. *Spencer & Son Corp.*, 35 A D 2d 879, affd. 29 N Y 2d 788.) Therefore, on this entire record there is substantial evidence to sustain the board's conclusion that the accident arose out of and in the course of decedent's employment. (*Matter of Baldassare* v. *Congel-Hazard, Inc.*, 33 A D 2d 527.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.